Hand, P. J.
The parties were not partners inter sese. Bur-nap had no interest in the profits as profits. These belonged to Brockway, who employed Burnap as superintendent, for which the former was to pay him “ a sum equal to one-half the net profits,” &c. (Perk. Coll, on Part. §§ 40, and n., 44 and n.)
The action is to recover the possession of certain specified goods and chattels, choses in action and money. The plaintiff in detinue could recover money only when it could be specifically identified, as in a bag, <fcc. Whether that is still the rule under the code, it is not necessary to inquire; for if the plaintiff is en *311 titled to recover for any thing in this action, the nonsuit must be set aside. The learned justice, who decided this cause at the special term, in a very elaborate opinion, adopted the construction of the code given in Roberts v. Randall, (3 Sandf. S. C. R. 707;) that this action cannot be sustained where the defendant at the commencement of the suit is not, in fact or in law, in possession of the property. (Brockway v. Burnap, 12 Barb. 347.) Under these circumstances, it is with great diffidence that I have come to a different conclusion; particularly, as in the first argument on this appeal, the court was'equally divided. But with all respect, after a careful examination of the case, I cannot concur in that interpretation of the code.
It has been supposed that the legislature, by abolishing tne action of detinue, (2 R. S. 553, § 15,) and extending the action of replevin, intended the latter should serve all the purposes of both. Detinue was the proper action, where there was a wrongful detainer; and the bailment, or manner of acquiring possession, was not traversable; the gist of the action being the detainer. (Gladstone v. Hewitt, 1 C. & J. 565. Whitehead v. Harrison, 6 C. B. 423. 2 Saund. R. 84, f, n. f, &c. 6th ed. and cases there cited.) It has been said that it would not lie where the taking was tortious. But that seems to be incorrect. (1 Chit. Gen. Pr. 812, n. 1 Chit. Pl. 112.) And there are some dicta in the books that the defendant should be in possession. (1 Selw. N. P. 546. Bul. N. P. 51.) If by that was meant that he must have been so at the time the suit was commenced, it is a mistake. The defendant remained liable, though he had delivered possession to another. (Comyn's Dig. A. Southcote v. Bennett, Cro. Eliz. 815; S. C. 4 Co. 83 b. Jones v. Dowle. 9 M. & W. 19. Garth v. Howard, 5 C. & P. 346. 1 M. & Sc. 628. Anderson v. Passman, 7 C. & Payne, 193. 8 B. & Ald. 703. 1 Chit. Pl. 113. 5 C. B. 328, n. a, citing a case from the Year Books. 8 Petersd. Ab. 82, n. Bromley v. Lambert, 1 Washington, 308.) Southcote v. Bennett has been doubted, (Comyn's R. 134,) but not on this point. In Jones v. Dowle, the defendant had delivered the picture to an *312 other hi good faith, on a supposed sale. Comyn and Chitty are explicit on the subject. In the case put in the year books, the "wine was supposed to have been drank. Parke, B. in Jones v. Dowle, stated the rule to be, “ that detinue does not lie” against him who never had possession of the chattel, but does against him who once had, hut has improperly parted with the possession. Chitty qualifies it thus : “ if he wrongfully deliver the goods to another, he will continue liable.” In some of our sister states, possession at the time of commencing the suit, is still considered necessary; but not in some of the other states. Probably what is intended when it is said the defendant must be in possession, (1 Sel. N. P. 546; Bul. N. P. 51,) is that the defendant must be in possession when the cause of action arises. The law seems to have been, that if the defendant had once been in possession, and then wrongfully detained the property, or had parted with that possession wrongfully, that is, without being authorized by law to do so, he was liable in detinue. (And see 8 Vin. let. A, C, D.) Perhaps the property must still have been in esse ; or have been destroyed, (or have died) by the fault of the defendant. Where the action is still in use, the plaintiff has a right to recover the things in specie; and in case of non-delivery, the value; and the option is with the defendant. The judgment is, that the plaintiff recover the goods; and if they cannot be had, the value, which must be ascertained, and the damages for detention. (Phillips v. Jones, 15 Q, B. 859, in error. Isaac v. Clarke, 1 Rolle, 128. Peters v. Hayward, Cro. Jac. 682.)
In replevin, the possession of the property was not invariably delivered to the plaintiff, When the action was in the detinet, in some cases, the plaintiff recovered the value as well as damages. (F. N, B. 69, l, and note. Petrie v. Duke, 2 Lutw. 1150,1151. 1 Saund. R. 347 a, n. 2, &c. 1 Chitt. Pl. 145. 2 Lill. Pr. R. 560. Wilk. on Rep. 20. 22 Wend. 603.) If the goods had been eloigned, the count might have been in the detinet. (2 Lill. Pr. 154,) And the practice when the property was eloigned, of taking other beasts, &c. of the defendant in withernam; and of-compelling him to gage deliverance, ren *313 ders it not unlikely that, in some cases, the defendant did not have possession or control of the property; though as the suit was almost uniformly brought to test the legality of distress, which could not be sold or disposed of at all at common law, such instances, probably, were very rare.
Whatever may have been the practice before our revised statutes, I think there can be no doubt that under these statutes, the action could have been brought, although the defendant had parted with the possession. By the first section of the title in relation to the action of replevin, any wrongful detention, as well as taking, was sufficient. (2 R. S. 522. And see § 36.) The defendant might be arrested, if the sheriff could not make delivery of the property, (§ 11,) and yet the action proceeded for the property or the value. (22 Wend. 602. § 19.) The general issue, when in the cepit, was merely that the defendant did not take, (§ 39.) If the property had not been delivered to the plaintiff, he had judgment for delivery, or in default thereof, for the value. (§ 49.)
Notwithstanding some dicía to the contrary, replevin would always lie for goods unlawfully taken. (Wilkinson on Rep. 3. Bishop v. Montague, Cro. Eliz. 824. Pangburn v. Patridge, 7 John. R. 140. Clark v. Skinner, 20 Id. 468. Dunham v. Wickham, 3 Wend. 280. Chapman v. Andrews, Id. 242. Bul. N. P. 52. Evans v. Elliott, 5 Ad. & El. 142.) And the revisers said it would be a substitute for detinue, and a concurrent remedy in all cases of unlawful caption or detention of personal property, with trespass or trover. (3 R. S. 767, 2d ed.) It was so in many respects before, but certainly has been so considered from that time; at least until the code. It has been repeated, again and again, that wherever trespass would lie, the injured party might maintain replevin. (Allen v. Crary, 10 Wend. 349. Rogers v. Arnold, 12 Id. 32. De Witt v. Morris, 13 Id. 499. Fonda v. Van Horne, 15 Id. 631. Cary v. Hotailing, 1 Hill, 311. Olmsted v. Hotailing, Id. 317. Ely v. Ehle, 3 Comst. 506. Stewart v. Wells, 6 Barb. 80.) Cary *314 v. Hotailing and Olmsted v. Hotailing, were replevin in the cepit, and the defendants had sold the goods to bona fide purchasers. These cases have since been under consideration without dissent upon that point; although the liability of the first and second taker was in question. (See Barrett v. Warren, 3 Hill, 348.) And in Ely v. Ehle, which was replevin in the cepit, the defendant had sold the flour to his customers in the usual course of business, and our highest court- sustained the recovery.
It is clear to my mind, that replevin, as extended by the revised statutes, did, as a general rule, perhaps not invariably, extend to those cases in which replevin, detinue, trespass, or trover was the remedy at common law.
The effect of the code is the only remaining inquiry. The provisions of the code are not very full as to the practice in an action for the recovery of personal property. They hardly constitute a complete system, without resort to the former law. That part of the third subdivision of section 179, authorizing an arrest where the property haid been concealed, removed or disposed of, was contained in the 'code of 1849, under which this suit was commenced. . Sections 206, 207, 208 and 209, et seq. aré only in relation to the immediate delivery of the property, pendente lite, and before answer,- and do not control the final judgment. That may be for the possession” of the property, “ or for the recovery of the possession, or the value thereof, in case a delivery cannot be had, and of damages for detention.” (§ 277.) The legislature did not intend by the code to abridge the former action of replevin as they found it.- I find nothing therein that' prevents the present remedy by an action to recover personal property, being as full, general and complete, as that action was under the revised statutes.
Sandford, J.
admitted that the doctrine' of Roberts v. Randall did not apply to removals of property in fraud of the law, when a writ was expected. I think the plaintiff’s case could stand upon that ground. But I prefer to put it upon the broad foundation, that, as a general rule, the action will lie for any unlawful *315 taking or detainer, although the defendant before suit, has wrongfully parted with the possession.
[Clinton General Term,
July 4, 1853.
Hand, Cady and C. L. Allen,
Justices.]
The cause must be sent back to the referee.
Cady, J. concurred.
G. L. Allen, J. -dissented.
Report set aside.